```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  DOUGLAS F. MCCORMICK
    Assistant United States Attorney
 3  Acting Chief, Santa Ana Branch Office
    ROBERT J. KEENAN, (Cal. State Bar No. 151094)
 4  Assistant United States Attorney
         Ronald Reagan Federal Building
 5       and United States Courthouse
         411 W. Fourth Street, 8th Floor
 6       Santa Ana, California  92701
         Telephone: (714) 338-3500
 7       Facsimile: (714) 338-3708
         E-Mail: Rob.Keenan@usdoj.gov
 8
    Attorneys for Plaintiff
 9  United States of America
```

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
MAR 17 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. SA 10-00121M |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | ) | |
| CESAR ARIEL ZAPATA-LANDEROS, | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

   ___ 1. <u>Temporary 10-day Detention Requested (§ 3142(d))
          on the following grounds:</u>

          ___ a. offense committed while defendant was on release
                 pending (felony trial), (sentencing) (appeal) or
                 on (probation) (parole);

          ___ b. alien not lawfully admitted for permanent
                 residence;

|   |   |   |
|---|---|---|
| 1 | | c. flight risk; |
| 2 | | d. danger to community. |
| 3 | ✓ | 2. <u>Pretrial Detention Requested (§ 3142(e)) because no |
| 4 | | condition or combination of conditions will |
| 5 | | reasonably assure against</u>: |
| 6 | ✓ | a. danger to any other person or the community; |
| 7 | ✓ | b. flight. |
| 8 | ___ | 3. <u>Detention Requested Pending Supervised |
| 9 | | Release/Probation Revocation Hearing (Rules |
| 10 | | 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>: |
| 11 | ___ | a. Defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| 14 | ___ | b. Defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| 16 | ✓ | 4. <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>: |
| 18 | ___ | a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 23 | ___ | b. offense under 18 U.S.C. § 924(c) (firearm used/carried/possessed during/in relation to/in furtherance of crime), § 956(a), or § 2332b (presumption of danger to community and flight risk); |

1   ____  c.  flight risk;
2   ____  d.  danger to community.
3   ✓    2.  <u>Pretrial Detention Requested (§ 3142(e)) because no
4           condition or combination of conditions will
5           reasonably assure against</u>:
6        ✓  a.  danger to any other person or the community;
7        ✓  b.  flight.
8   ____  3.  <u>Detention Requested Pending Supervised
9           Release/Probation Revocation Hearing (Rules
10          32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:
11       ___ a.  Defendant cannot establish by clear and
12               convincing evidence that he/she will not pose a
13               danger to any other person or to the community;
14       ___ b.  Defendant cannot establish by clear and
15               convincing evidence that he/she will not flee.
16  ✓    4.  <u>Presumptions Applicable to Pretrial Detention (18
17          U.S.C. § 3142(e))</u>:
18       ___ a.  Title 21 or Maritime Drug Law Enforcement Act
19               ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense
20               with 10-year or greater maximum penalty
21               (presumption of danger to community and flight
22               risk);
23       ___ b.  offense under 18 U.S.C. § 924(c) (firearm
24               used/carried/possessed during/in relation to/in
25               furtherance of crime), § 956(a), or § 2332b
26               (presumption of danger to community and flight
27               risk);
28

| | | |
|---|---|---|
| ✓ | c. | offense involving a minor victim under 18 U.S.C. §§ (1201,) 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| ___ | d. | defendant currently charged with (I) crime of violence, (II) offense with maximum sentence of life imprisonment or death, (III) Title 21 or MDLEA offense with 10-year or greater maximum sentence, or (IV) any felony if defendant previously convicted of two or more offenses described in I, II, or III, or two or more state or local offenses that would qualify under I, II, or III if federal jurisdiction were present, or a combination of such offenses, AND defendant was previously convicted of a crime listed in I, II, or III committed while on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |

✓ 5. <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:</u>

✓ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which

3

|   |   | maximum sentence is 10 years' imprisonment or more; |
|---|---|---|
| ___ | b. | an offense for which maximum sentence is life imprisonment or death; |
| ___ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| ___ | d. | instant offense is a felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| ✗ | e. | any felony not otherwise a crime of violence that involves (a minor victim) or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| ✓ | f. | serious risk defendant will flee; |
| ✗ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ___ | 6. | Government requests continuance of ___ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

4

|   |   |   |
|---|---|---|
| 1 | ____ 7. | Good cause for continuance in excess of three days |
| 2 |   | exists in that: |

3  _____

4  _____

5  _____

DATED: March 17, 2010

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

*For* ROBERT J. KEENAN
Assistant United States Attorney

Attorneys for Plaintiff
United States of America